**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CONRAD J. BRAUN,

     Plaintiff-Appellant,

v.

G. THOMAS VAN BEBBER, District
Judge; RICHARD D. ROGERS, District
Judge; RALPH L. DELOACH; CARRIE
LEE; DENNIS L. SMARKER; CAROLE
DEWIESS; DEPARTMENT OF
JUSTICE; UNITED STATES OF
AMERICA,

     Defendants-Appellees.

No. 97-3179
(D.C. No. 96-CV-3605-GTV)
(District of Kansas)

ORDER AND JUDGMENT*

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

submitted without oral argument.

This is an appeal from the dismissal of a purported civil rights complaint. The action grows from a separate suit filed in the District of Kansas by Conrad J. Braun in which he attempted to file an amended complaint. Thereafter, in a communication with the court, Braun wrote,

> According to Rule 4(a) and 4(b) the first amended complaint should be filed, signed by the Clerk, be under the seal of the court and either served or returned to me. The docketing statement reflects that none of this has been done. Nor has the first amended complaint been filed according to Rule 5(e).

Apparently after several similar demands, all asserting his "right" under Rule 4(a) and (b) to filing, sealing, and returning his amended complaint, Braun filed this action against the Judges and court personnel with whom he dealt as well as the United States and the Department of Justice seeking damages for interfering with his right to judicial access. The complaint was dismissed as frivolous.

We note, first, the very premise upon which Braun has proceeded is grossly mistaken. His protestations to the contrary, Rule 4(a) and (b) pertains to the issuance of a summons, not the complaint. In short, the demands which he persistently asserted were misdirected and impossible to comply with. We agree with the district court his action was frivolous from the start and **AFFIRM** the judgment for the reasons stated in the district the court's order of June 18, 1997.

We find the appeal **FRIVOLOUS** under 28 U.S.C. § 1915(g) and determine this is

a "prior occasion" within the meaning of that section.  Appellant shall pay all outstanding

appellate fees in this court upon completion of the payment of all fees in the district court.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge